[Crim. No. 319. Second Appellate District.—January 2, 1914.]

In the Matter of the Application of RICHARD WATTS BURNER, a Minor, for a Writ of Habeas Corpus.

JUVENILE COURT—COMMITMENT OF DEPENDENT MINOR—ABSENCE OF JURISDICTION—HABEAS CORPUS.—Where a petition, praying that a minor be taken into custody as a dependent child, fails to state any of the facts required by statute to constitute the child a dependent, an order of the juvenile court comitting him to the custody of the probation officer is without jurisdiction and the child will be released on *habeas corpus*.

APPLICATION for a Writ of Habeas Corpus on behalf of minor in custody under an order of the juvenile court.

The facts are stated in the opinion of the court.

So Relle & Cruickshank, for Petitioner.

Shreve & Shreve, for Respondents.

THE COURT.—The petitioner, the father of Richard Watts Burner, applied for this writ on the ground that the respondents, the judge of the superior court of San Diego County, sitting as judge of the juvenile court, and the probation officer of the juvenile court, were detaining said minor child and restraining him of his liberty without any right or authority so to do. The return shows that said child is in the custody of the probation officer by virtue of a commitment issued out of said juvenile court which is based upon a petition praying that said child be taken into custody as a dependent child. No facts such as are required by the statute to constitute said child a dependent child are stated in the petition. The order was made without jurisdiction, and said Richard Watts Burner is hereby ordered to be discharged from the custody of such probation officer.